IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**TERRY SCOTT**                                                                                       **PETITIONER**

v.                              CIVIL No. 4:12-cv-4123

**RAY HOBBS, Director**                                                                       **RESPONDENT**
**Arkansas Department of Correction**

REPORT AND RECOMMENDATION

Now before the Court is Scott, **TERRY SCOTT's** (hereinafter "Scott")Petition for Writ of *Habeas Corpus*. ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Susan O. Hickey, District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Petition (ECF No. 2) be **DISMISSED.**

A.   Background

This matter was initially filed in the Eastern District of Arkansas on October 16, 2012. ECF No. 2. That court transferred the case to the Western District of Arkansas by Order dated October 19, 2012. ECF No. 5. While Scott did submit a "certificate" showing his current prisoner account balance, he did not submit an application or motion to proceed *in forma pauperis* ("IFP"). ECF No. 1. Further, Scott did not pay the filing fee. Scott was ordered to pay the fee or submit an IFP application by November 21, 2012. He failed to do so. On January 8, 2013, the undersigned entered a Report and Recommendation recommending dismissal of the Petition for failure to Prosecute. Scott then filed objections stating he had paid the fee to the clerks office. He then paid the $5.00 filing fee. The Honorable Susan O. Hickey, then properly deemed the filing fee timely paid and

declined to adopt the Report and Recommendation, referring the case back to the undersigned for further consideration. A response was ordered and one was filed on May 20, 2013. ECF No. 20.

**B.     State Proceedings[1]**

On May 17, 2010, Scott pled guilty in the Circuit Court of Miller County, Arkansas, to one count of Battery-First Degree and one count of being a Felon in Possession of a Firearm. He was sentenced to thirty (30) years on count one and twelve (12) years on count two, the sentences to be served concurrently. On August 9, 2010, Scott filed a timely state post-conviction motion seeking relief from the sentences imposed. This motion was denied on October 29, 2010 and Scott did not appeal that denial.

On July 12, 2012, Scott filed a state petition for habeas corpus relief in Lincoln County, Arkansas. That petition was denied on September 19, 2012. No appeal was taken by Scott.

**C.     Instant Petition**

Scott filed the instant petition in this Court on October 16, 2012. In this petition he claims he was illegally convicted as a habitual offender, as he had never before"been convict of firearm charge until Mary 17, 2010." The Respondent asserts the Petition is untimely and requests dismissal.

**D.     Discussion**

**1. One-year Statute of Limitations**:   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. The law made several changes to the federal *habeas corpus* statutes, including the addition of a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations. Section 2244(d)(1)(A) specifies that the

---

[1]The history of the case is taken from the pleadings of the parties.

limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review. Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) quoting *Smith v. Bowersox*, 159 F.3d 345,

348 (8th Cir. 1998). The United States Supreme Court has recently addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S._____, 132 S.Ct. 641, 653-54 (2012). In other words, where a state prisoner does not seek a writ of *certiorari* to the United States Supreme Court his conviction becomes final when the time for pursuing his state court direct appeal expires. In Arkansas a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal. *See* ARK.R.APP.P.–CRIM. 2(a).

In the present case, the Scott did not, and in fact could not, directly appeal his state court conviction. In Arkansas "direct appeals from guilty pleas are prohibited." *Scalco v. City of Russleville*, 883 S.W.2d 813, 814 (Ark. 1994). *See also*, Ark.R.App.P.–Crim. 1(a) ("Except as provided by A.R.Cr.P. 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.") None of the exceptions set out in A.R.Cr.P. 24.3(b) are present in this case.

Scott was sentenced on May 17, 2010. Scott had no right to appeal this guilty plea, thus, the date his conviction became final for purposes of the determination of the running of the one-year limitations period was the day he was sentenced, May 17, 2010. The one-year limitations period began to run on May 17, 2010 and he had until May 17, 2011 in which to file the instant Petition. Scott filed the instant Section 2254 Petition on October 16, 2012, more than two years after his conviction became final. Accordingly, the Petition is time-barred unless some tolling provision

applies.

**2. Statutory Tolling of the One-Year Limitation Period**: Section 2244(d)(2) provides that the time during which a "properly filed application" for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

On August 9, 2010, Scott filed a timely state petition for post-conviction relief pursuant to ARK. R. CRIM. P. 37.1. This petition was dismissed by the trial court on October 29, 2010, and Scott did not seek review with the Arkansas Appellate courts. Pursuant to ARK.R.APP.P.–CRIM. 2(a) he had thirty days in which to seek such review, or until November 28, 2010. Accordingly the one-year statute of limitations applicable to the instant case was tolled for eighty-three (83) days and recommenced running on November 28, 2010. Thereafter, he had until August 8, 2011 in which to file the instant federal *habeas corpus* Petition.[2] As noted the instant Petition was filed on October 16, 2012, well beyond this one-year period.

**3. Equitable Tolling of the One-Year Limitation Period**: Scott does not raise the issue of equitable tolling and in fact did not seek to reply to the Respondent's argument his Petition was untimely. A review of his pleadings indicates he raises no "extraordinary" circumstances which would justify the Court's *sua sponte* application of equitable tolling. Accordingly, equitable tolling is inapplicable in this case.

---

[2]Eighty-three (83) days during which the statute of limitations was tolled from the original deadline of May 17, 2011.

  **4. Scott's state habeas petition**: Scott did file a petition for *habeas corpus* relief in state court on July 12, 2012. This petition was denied by the state court on September 19, 2012. Even if the Court were to toll the running of the statute during this time period, sixty-nine (69) days, the instant Petition should have been filed on or before, October 16, 2011, and the instant Petition was still filed a year beyond that date.

**E.**  **Conclusion**:

  For the foregoing reasons, I recommend the above-styled case be **DISMISSED** as untimely pursuant to 28 U.S.C. § 2244(d).

  **The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

  **IT IS SO ORDERED this 8th day of August 2014.**

              /s/ Barry A. Bryant  
              HON. BARRY A. BRYANT  
              U. S. MAGISTRATE JUDGE